**Lawrence E. SMITHERS, Appellant,**

v.

**Sinclair WEEKS, Secretary of Commerce, et al., Appellees.**

**No. 15222.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 16, 1959.

Decided Jan. 21, 1960.

Petition for Rehearing Denied Feb. 26, 1960.

Mr. Robert H. McNeill, Washington, D. C., for appellant.

Mr. William W. Greenhelgh, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant, a veteran with Civil Service status, employed in the Department of Commerce at grade GS-13, was notified in 1958 that his position was abolished under a reduction in force. With this notice, he was offered re-assignment to an available position at GS-11. The offer of re-assignment was accepted by appellant but he promptly filed an appeal from the reduction in force action, claiming to the Civil Service Commission that he was entitled to a specified position allegedly similar to the one held by him at GS-13, but in another division. He contended that the incumbent of this position had fewer retention rights than he, and that he, appellant, met the minimum qualifications for that position.

The Department of Commerce made a preliminary determination that appellant's qualifications did not meet the minimum requirements for the GS-13 position sought by appellant. The Appeals Examining Office of the Civil Service Commission held a hearing at which appellant and his counsel were present and were heard. At the conclusion of the hearing the Department of Commerce requested and was given an opportunity to re-evaluate appellant's qualifications for the position he sought and the parties agreed that the additional material on this re-evaluation could be submitted. Appellant also agreed to submit tangible evidence bearing on certain aspects of his qualifications. The additional ma-

terial was to be submitted to the Examiner within 7 days of the March 5th hearing. Thereafter on March 12th, the Commerce Department submitted material relating to appellant's lack of qualification for the position sought.

Appellant contends that he was not afforded an opportunity to examine this additional material but the record shows affirmatively that on March 17th, 1958, appellant personally wrote at substantial length to the Examiner and in this letter made reference to a supplemental report dated March 12th, 1958, re-evaluating appellant's qualifications and submitted to the Examiner by the Department of Commerce. More important than this, it appears from the Appeals Examiner's summary, dated March 5th, 1958, that each of the parties was well aware that the other was to file supplemental material within 7 days. Moreover, when appellant filed the additional material in his own behalf, there is no indication in the record that he served or sent copies of his supplemental material to the Department of Commerce. This tends to confirm what the Examiner's report of the hearing indicates, i. e., that the parties had assumed the responsibility of acquainting themselves with whatever was filed subsequent to the hearing by the other.

On April 16th, appellant was notified by the Examiner that no violation of his rights was found and that his appeal was denied. Thereafter, on April 25th, 1958, appellant appealed the Examiner's decision to the Board of Appeals and Review. On August 5th, 1958, the Chairman of the Board of Appeals and Review notified appellant that the Board sustained the determination that appellant did not meet the minimum requirements for the position sought and that the decision of the Appeals Examiner was affirmed.

The procedural safeguards of the statute and regulations were observed and we cannot say that the administrative judgment on the merits was clearly arbitrary. Hence the District Court's dismissal must be affirmed.

Affirmed.